OPERATING ENGINEERS LOCAL UN-
ION NO. 3, Appellant,

v.

CROOKS BROS. TRACTOR COMPANY,
Appellee.

No. 17233.

United States Court of Appeals
Ninth Circuit.

Sept. 7, 1961.

John R. Ross, U. S. District Judge. John Chrislaw, Reno, Nev., and P. H. McCarthy, Jr., San Francisco, Cal., for appellant.

No counsel for appellee.

Before HAMLEY, JERTBERG and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

This action was brought by the appellant union to compel respondent employer to arbitrate a dispute arising over the discharge by respondent of one of its employees. The district court concluded that under the terms of the collective bargaining agreement entered into between the parties the dispute was not such a one as the employer had agreed to submit to arbitration. Upon this ground the action was dismissed.

The complaint alleges:

"That on or about the 19th day of December, 1959, William Stone and Ferris March, Partsroom employees, were requested by the Assistant Parts Manager, Mr. Berg, their immediate supervisor, to work overtime. That while engaged in such overtime work the sales manager, Mr. Ward, requested William Stone to act as a salesman, a classification of employee excluded from the collective bargaining unit certified by

the National Labor Relations Board. William Stone refused (a) because it was not a classification covered by the certified collective bargaining unit and (b) because his immediate supervisor had ordered him to stay away from the sales counter and sales department.

"On or about December 31, 1959, as a result of such refusal William Stone was discharged for insubordination by the Service and Parts Manager, Mr. Ritchie."

The collective bargaining agreement between the parties provides in part, Section V:

"No employee shall suffer discharge without just cause, provided, however, the Employer shall be the sole judge of the qualifications of its employees, and except as provided in Section III, nothing in this agreement shall be construed to limit the right of the Employer to exercise its own discretion in determining whom to employ. In the event that the employee is discharged without just cause, he may be reinstated with payment for time lost. In the event of a dispute, the existence or nonexistence of just cause shall be determined as provided in Section X of this agreement."

Section X provides for arbitration.

The district court ruled that insubordination bore on a worker's qualifications and that the discharge was therefore for grounds upon which the employer had reserved the right to act as sole judge. This, in our judgment, was error.

In United Steel Workers of America v. Warrior and Gulf Navigation Company, 1960, 363 U.S. 574, 80 S.Ct. 1347, 1348, 4 L.Ed.2d 1409, the court considered an agreement which established a grievance procedure ending in arbitration, but also provided:

"Matters which are strictly a function of management shall not be the subject of arbitration."

In holding the particular dispute to be arbitrable, the court stated at pages 582–583 of 363 U.S., at page 1353 of 80 S.Ct.:

"An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."

Further, at pages 584–585, of 363 U.S., at page 1354 of 80 S.Ct., the court stated:

"In the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail, particularly where, as here, the exclusion clause is vague and the arbitration clause quite broad. Since any attempt by a court to infer such a purpose necessarily comprehends the merits, the court should view with suspicion an attempt to persuade it to become entangled in the construction of the substantive provisions of a labor agreement, even through the back door of interpreting the arbitration clause, when the alternative is to utilize the services of an arbitrator."

Whether "qualifications" is to include such matters as insubordination or is to be confined to such matters as skill, experience and physical condition is, at best, a debatable question. The intention to exclude from arbitration the dispute here involved does not, we are satisfied, appear from the face of the contract with the clarity which is essential.

Reversed and remanded for further proceedings.